UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA ALLAN JACKSON,

    Plaintiff,

v.

OFFICERS1-10 et al.,

    Defendants.

CASE NO. C13-5070 RBL-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff asks the Court to appoint counsel to represent him in this matter (ECF No. 11). The Court denies the motion for two reasons. Plaintiff has not complied with the Court's order to file an amended complaint that names a proper defendant who can be served. Further, plaintiff fails to show a likelihood of success on the merits.

Plaintiff raises a number of issues in his complaint. Plaintiff alleges that he was verbally harassed by officers who made inappropriate comments about his crime (ECF No. 7, claim one). Plaintiff also alleges that he has received inadequate medical care for "bells palsey." (ECF No. 7,

1   claim two). Finally, plaintiff alleges that his legal mail has been tampered with and opened

2   outside of his presence (ECF No. 7, claim three). Plaintiff's fourth allegation is that transport

3   officers took pictures of him using an "I-phone." Plaintiff alleges that the conduct of the

4   transport officers violated his right to privacy (ECF No. 7, claim four).

5         Plaintiff does not identify a single person by name in his complaint (ECF No. 7). Plaintiff

6   simply uses job titles in his complaint such as "officer number one," or "sergeant number two"

7   (ECF No. 7). Thus, the Court does not have a defendant it can serve.

8         The Court ordered plaintiff to amend the complaint and name defendants that he wanted

9   the Court to attempt to serve (ECF No. 9). The Court gave plaintiff until March 22, 2013 to file

10  an amended complaint. *Id*. The Court specifically informed plaintiff that failure to file an

11  amended complaint would result in a Report and Recommendation that the action be dismissed

12  for failure to comply with a court order and failure to prosecute (ECF No. 9). Plaintiff has

13  responded by asking the Court to appoint counsel and by filing a response (ECF No. 10 and 11).

14  In his response he asks the Court to appoint an investigator or counsel and plaintiff asks that

15  "county funds" be used to pay (ECF No. 10, page 3). Plaintiff does not identify which county he

16  is referring to and no county has been named as a defendant in the complaint. Plaintiff also raises

17  new allegations that are not part of his original complaint or properly before this tribunal.

18        In his motion for appointment of counsel plaintiff alleges that his mail has been tampered

19  with and the order (ECF No. 11). In his response to the Court's order to file an amended

20  complaint Plaintiff also raised this issue and stated he was not able to respond because "there

21  was pieces missing from the letter." (ECF No. 10). Yet plaintiff in his response identifies the

22  main points of the Court's February 20, 2013 order. Plaintiff acknowledges that the Court's

23  February 20, 2013, order required him to file an amended complaint because the Court could not

24  serve only John or Jane Does (ECF No. 10, page one). Plaintiff acknowledges that the Court's

1  February 20, 2013 order gave him until March 22, 2013 to comply. *Id*. Plaintiff acknowledges
2  that the Court's February 20, 2013 order warned him the Court would recommend dismissal of
3  his action for failure to comply with a court order and failure to prosecute if he did not comply
4  (ECF No. 10). Further, in plaintiff's request for appointment of counsel plaintiff informs the
5  Court that he has been able to identify some of the defendants by name (ECF No. 11, page 1).
6  Plaintiff has failed to file an amended complaint and identify those persons.

7       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.
8  Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court
9  may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
10 Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d
11 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both
12 the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in
13 light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

14      Plaintiff's claims have been articulated as set forth above. Plaintiff's first and fourth
15 claim fail as a matter of law. Verbal harassment by itself fails to state a claim. *Oltarzewski v.*
16 *Ruggiero*, 830 F.2d 136 (9th Cir. 1987). Further, the Court is not aware of any case law
17 supporting the allegation that an inmate has a Fourth Amendment right not to have his picture
18 taken. While the remaining two claims could possibly proceed, the Court does not have a
19 defendant to serve. Thus, plaintiff fails to show a likelihood of success on the merits. The Court
20 DENIES plaintiff's motion for appointment of counsel.

21      Dated this 15th day of April, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 3